**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2022*
Decided February 22, 2022

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2185

| | |
|---|---|
| DELORES PORTER, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19-cv-3053 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, *Defendant-Appellee.* | Mary M. Rowland, *Judge.* |

**O R D E R**

Delores Porter was fired by the Social Security Administration for poor performance in a training program. She then sued the agency for discrimination based on age, race, color, and sex; for a hostile work environment under Title VII of the Civil

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Rights Act of 1964, 42 U.S.C. § 2000e-16; and for misuse of her personal information in violation of the Privacy Act of 1974. 5 U.S.C. § 552a. The district court granted summary judgment to the agency on all claims. We affirm.

Porter, who is African-American and over 40 years old, was fired seven months into a probationary period of employment as a benefit authorizer with the agency. She was one of a dozen probationary employees in her training course, which included classroom instruction, practice drills, case simulations, and testing with regard to accuracy in coding benefits transactions (e.g., payment adjustments, multiple entitlements, and changes to beneficiary records). To pass the course, trainees had to complete eight case simulations per day with at least 80% technical accuracy.

Throughout the course, instructors and supervisors expressed concerns to Porter about her mastery of the material. This feedback was reviewed at periodic "performance discussions" designed to track Porter's progress. At her fifth discussion, Porter's supervisor told Porter that she had a failing test average (69.4%), that she was completing only one-fifth of a case simulation per day, and that she was unable to code benefits transactions. Porter's supervisor summed up her concerns in a written report, and four days later Porter was fired based on her probationary status and her "inability to learn the technical skills" of the benefit-authorizer position. Security guards then escorted her out of the office—a humiliating episode that Porter attributes to her supervisor.

One more issue upset Porter. She came to believe that her supervisor had improperly accessed her personal information (e.g., birth date, social security number, and military history). Porter maintained that her supervisor obtained this information from documents that the agency's human-resources department had sent to the United States Army for the purpose of calculating Porter's service-computation date.

Porter then brought this suit asserting claims of discrimination and hostile work environment under Title VII, and violations under the Privacy Act.

In a thorough written memorandum opinion and order, the district court ultimately granted the agency's motion for summary judgment on all of Porter's claims. Regarding Porter's discrimination claims, the court concluded that she failed to assert a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), because none of her proposed comparators who completed the training course was similarly situated. The court highlighted Porter's poor performance in tests (she and the other employee dismissed for poor performance were the only employees to have average

test scores below 70%), as well as in case simulations, and instructor feedback. In addition, the court analyzed the evidence as a whole, in accordance with our decision in *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016), and concluded that no reasonable factfinder could find that the agency fired Porter because of a "proscribed factor." As for Porter's hostile-work-environment claim, the court explained that no reasonable jury could find that the negative comments she received in her performance reviews amounted to severe or pervasive harassment. Finally, with regard to her claim under the Privacy Act, the court found no evidence to infer that her supervisor accessed personal information she was not allowed to receive, let alone treated her differently during training because of it.

Porter generally contests the district court's order, urging that her claims should move forward. But she barely develops any challenge to the court's ruling. *See* FED. R. APP. P. 28(a)(8)(A) (the argument must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Jeffers v. Comm'r of Internal Revenue*, 992 F.3d 649, 653 (7th Cir. 2021). We have reviewed the record and AFFIRM for substantially the reasons stated by the district court.